**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JULIO PABLO MORALES,**

        **Petitioner,**

**v.**                                  **Civil Action No.: 3:19-CV-175
(GROH)**

**WARDEN ANTONELLI,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On October 17, 2019, Julio Pablo Morales, an inmate at Hazelton FCI, acting pro se, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.[1]  Following the issuance of a notice of deficient pleading, Petitioner filed an amended petition on the court-approved form on February 27, 2020.  ECF No. 14.  Petitioner is challenging the validity of his conviction and sentence from the Eastern District of Pennsylvania where he entered a guilty plea to two counts of drug possession with intent to distrbute, one count of possession of a firearm in furtherance of a drug trafficking crime, and one count of being a felon in possession of a firearm.  ECF No. 249, 2:06-CR-338 (E.D.Pa.).

Petitioner Morales pled guilty to all counts and was sentenced to 322 months imprisonment: two concurrent 262-month terms on the distribution counts, a concurrent 120-months term on the felon in possession count, and a 60-month term on the firearm in furtherance count to run consecutively with the other three counts.  See Judgment, ECF No. 211.

---

[1]  All CM/ECF references refer to the instant action, 3:19-CV-175, unless otherwise noted.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2.  For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice for lack of jurisdiction.

## II.    FACTUAL AND PROCEDURAL HISTORY[2]

### A.    Conviction and Sentence in the Eastern District of Pennsylvania

On July 5, 2006, the grand jury in the Eastern District of Pennsylvania charged Petitioner Morales and his co-defendant, Ruben Velez, with possession with intent to distribute a controlled substance in Count One and Two; with possession of a firearm in furtherance of a drug trafficking offense in Count Three; and with possession of a firearm by a convicted felon in Count Four.  Indictment, ECF No. 1.  On the same date a bench warrant was issued for the Petitioner because he had fled the country.  ECF Nos. 2, 63; see Gov't Mot. Pretrial Detention 4, ECF No. 8, 2:06CR338-2.  He was not located until April of 2008.  ECF Nos. 63, 66.

Petitioner's co-defendant Velez went to trial alone in December 2007, and was found guilty of two counts of drug possession with intent to distribute.  See ECF Nos. 53, 54, 55, 56, 102, 2:06CR338-2.  On November 25, 2008, his co-defendant Velez was sentenced to life imprisonment.  ECF Nos. 101, 102.  President Obama later commuted Velez's sentence to 240 months' imprisonment.  ECF No. 245.

Petitioner Morales was apprehended in 2008.  ECF Nos. 63, 66.  On January 4, 2010, the Government filed a § 851 Notice of Prior Felony Drug Convictions, disclosing

---

[2] All CM/ECF references in facts sections II.A., II.B and  II.C. refer to entries in the docket of Criminal Action No. 2:06CR338, in the Eastern District of Pennsylvania. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record").

that Morales had two prior Pennsylvania state court felony drug convictions in January and April of 1991.  ECF No. 151; 21 U.S.C. § 851.

Petitioner's trial was scheduled to begin on February 1, 2011.  ECF No. 191.  On January 28, 2011, a final pre-trial conference was held at which the question arose as to whether a firearm taken from Morales should be suppressed.  ECF Nos. 194, 196.  A suppression hearing was scheduled for the morning of February 1.  ECF No. 195.  On that morning, Morales pled guilty to two counts of drug possession with intent to distribute, one count of possession of a firearm in furtherance of a drug trafficking crime, and one count of being a felon in possession of a firearm.  The Government withdrew the § 851 Notice, which would otherwise have subjected Morales to the same mandatory term of life sentence that his co-defendant Velez received.  See Guilty Plea Agmt., ECF No. 199; ECF No. 201.  Petitioner Morales' advisory Guidelines range was between 322 to 387 months' imprisonment, with a mandatory minimum of ten years and a maximum sentence of life imprisonment.  See PSR ¶¶ 67–69.

On August 15, 2011, Petitioner Morales was sentenced to 322 months imprisonment: two concurrent 262-month terms on the distribution counts, a concurrent 120-months term on the felon in possession count,[3] and a 60-months term on the firearm in furtherance count to run consecutively with the other three counts.  See Judgment, ECF No. 211.

B.    Direct Appeal

The Petitioner did not file an appeal.

---

[3] Vacating his sentence for the felon in possession charge would not reduce his sentence because it ran concurrent with the two distribution counts.

**C.     Post-Conviction Motions**

On November 30, 2015, Morales filed a pro se § 2255 Motion, arguing that: (1) the district court erred in counting his two prior drug convictions as separate convictions for application of the Guidelines § 4B1.1(b)(A) career offender enhancement; (2) his sentence under the Guidelines' residual clause is unconstitutional under the newly decided Johnson v. United States, 135 S. Ct. 2551 (2015); (3) the Government failed to turn over all Brady, Giles, & Giglio materials before trial; and (4) his guilty plea was involuntary because his attorney ineffectively failed to object to these three errors.  § 2255 Mot., ECF No. 224; Mem. Supp. § 2255 Mot. 1–2, ECF No. 224.

On April 21, 2016, the district court denied Peititoner's pro se § 2255 Motion without prejudice and appointed the Federal Defender to help him pursue relief under Johnson. ECF Nos. 231, 232.  On June 6, 2016, Petitioner's Federal Defender asked to withdraw because Morales was not eligible for Johnson relief.  ECF. No. 235.  The district court found that the Federal Defender was correct.  Petitioner had no viable Johnson claim because he was not sentenced under either the Armed Career Criminal Act's "residual clause" (rendered unconstitutional by Johnson) or its almost identical counterpart within the Sentencing Guidelines.  Compare 18 U.S.C. § 924(e)(2)(B), with U.S.S.G. § 4B1.2(a). Rather, Petitioner was given a five-level enhancement under Guidelines § 4B1.1(b)(A) as a defendant with two prior felony convictions of a controlled substance offense.  See PSR ¶ 29.  Morales also had a prior felony murder conviction which constituted a "crime of violence" under the Guidelines § 4B1.2(a)(1).  Id.; see U.S.S.G. § 4B1.2(a)(1) cmt. 1 (2011) ("'Crime of violence' includes murder . . . .").

On February 14, 2018, Petitioner filed a pro se motion to withdraw his guilty plea

4

alleging that his counsel was ineffective.  ECF No. 246.  The district court denied this motion as untimely and declined to issue a certificate of appealability.  ECF 249.

### D.      Claims in the Instant § 2241 Petition

Petitioner instituted this action on October 17, 2019, then filed an amended petition on the court-approved form on February 27, 2020.  ECF Nos. 1, 14.  In his amended petition, Petitioner asserts three grounds for relief: (1) attempt crimes cannot be used as predicate offenses when careering a defendant under U.S.S.G. 4B1.2(b); (2) pursuant to the ruling in Rehaif v. United States, 139 S.Ct. 2191 (2019), Petitioner claims that the government failed to prove the necessary element that he knowingly possessed a firearm while knowingly being a person prohibited from possession of a firearm; and (3) his plea was invalid under Bousley v. United States, 523 U.S. 614 (1998) in that neither the prosecuting attorney nor the defense attorney knew the law properly so it was not a knowingly, intelligent, or voluntary plea.  ECF No. 14 at 5-6.

Petitioner requests his immediate release as relief.  ECF No. 14 at 8.

### III.    LEGAL STANDARDS

### A.      Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the district court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b), Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these

rules to a habeas corpus petition not filed pursuant to § 2254).

### B.   Pro Se Litigants

Courts must read pro se allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

---

[4]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

## IV.    ANALYSIS

Petitioner asserts three grounds for relief: (1) attempt crimes cannot be used as predicate offenses when careering a defendant under U.S.S.G. 4B1.2(b);[5] (2) pursuant to the ruling in Rehaif v. United States, 139 S.Ct. 2191 (2019), Petitioner claims that the government failed to prove the necessary element that he knowingly possessed a firearm while knowingly being a person prohibited from possession of a firearm; and (3) Defendant's plea was invalid under Bousley v. United States, 523 U.S. 614 (1998) in that neither the prosecuting attorney nor the defense attorney knew the law properly so it was not knowing, intelligent or voluntary.[6]  ECF No. 14 at 5-6.

### A.    Petitioner's Challenge to his Conviction

Prisoners seeking to challenge the validity of their convictions or sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).  In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated.  Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is

---

[5] The Court need not address Petitioner's first ground for relief as it was addressed in the district of conviction. Order, ECF No. 249 (E.D. Pa). Defendant was not sentenced as a Career Offender. Id.

[6] The Court need not address Petitioner's third ground for relief as it was addressed in the district of conviction. Order, ECF No. 249 (E.D. Pa.).  This claim is time barred. Id.

nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[7] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n.5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[8] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).   When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

---

[7] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).
[8] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

(2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

(3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.   Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.   See Wheeler, 886 F.3d at 423–26.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

(3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.   The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.   Id.   Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-

9

matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

Although Petioner has asked for relief on three grounds, the district of conviction has already ruled on grounds one and three.  Order, ECF No. 249 (E.D.Pa.).  Accordingly, he essentially raises a single claim challenging his conviction.  He asserts that his conviction is invalid because of the Supreme Court's holding of Rehaif, which required the Government to prove both (1) that defendant knowingly possessed a firearm, and (2) that the defendant knew he was prohibited from possessing a firearm.  ECF No. 14. Because Petitioner's direct appeal rights have expired and Petitioner has already filed at least one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause.  Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate.  Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Because Petitioner is challenging his conviction in a § 2241, he must meet all three prongs of the Jones test to challenge his conviction for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first and third prongs of the Jones test, he cannot meet the second prong as to any of his grounds for relief.[9]  Subsequent to Petitioner's direct appeal and first § 2255 motion, the substantive law related to the conduct of which Petitioner was convicted has not changed so that that conduct is no longer deemed to be criminal.[10]  The crime Petitioner was convicted of committing—being

---

[9]  Petitioner's other two grounds for relief would not have met the second prong of the Jones test either.

[10]  The Supreme Court in Greer v. United States, 141 S.Ct. 2090 (2021) (vacating and remanding United

a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)—is still a violation of law.   Therefore, Petitioner cannot satisfy the second prong of <u>Jones</u>. Accordingly, because Petitioner cannot satisfy the savings clause of § 2255(e) under <u>Jones</u>, his challenge to his conviction may not be considered under § 2241, and this Court is without jurisdiction to consider that challenge.

Further, even if Petitioner could meet all three prongs of the <u>Jones</u> test, his claims do not merit relief.   Petitioner pled guilty to all four counts of the indictment including Count Four, felon in possession of a firearm, violating 18 U.S.C. § 922(g).   Moreover, Petitioner had two prior felony convictions for controlled substance offenses and a prior felony murder conviction.   ECF No. 249 at 3, 2:06CR338 (E.D.Pa); <u>see</u> PSR ¶ 29.   Clearly, Petitioner knew he was a member of the prohibited class.   In fact, Petitioner plead guilty so that the Government would withdraw its § 851 Notice of Prior Felony Drug Conviction which would have caused Petitioner to face a mandatory life sentence. ECF No. 197 at 3, 2:06CR338 (E.D.Pa).

Thus, similar to <u>Greer</u>, there is substantial evidence that Petitioner knew he was a felon and aware of his prohibited status.   Moreover, the Third Circuit, where Petitioner was convicted, has repeatedly upheld challenges to convictions on Rehaif grounds.   <u>See</u>

States v. Gary, 954 F.3d 194 (4th Cir. 2020)), held that the government's failure to prove the element of knowingly being a person in a prohibited class is not a structural error.   The Court explained that it "has repeatedly made clear [that] the 'general rule' is that 'a constitutional error does not automatically require reversal of a conviction," and that "[o]nly in a 'very limited class of cases' has the Court concluded that an error is structural, and 'thus subject to automatic reversal' on appeal." <u>Id.</u> at 2099 (internal citations omitted). Further, the Court noted that its "precedents make clear, the omission of a single element from jury instructions is not structural. . . . And it follows that a *Rehaif* error in a plea colloquy is likewise not structural. The omission of that *mens rea* element from a plea colloquy—like the omission of that *mens rea* element from jury instructions—does not affect the entire framework within which the proceeding occurs." <u>Id.</u> at 2100. The Court found Gary, who was convicted of being a felon in possession of a firearm based upon his plea to that offense, "admitted that he was a felon when he pled guilty." <u>Id.</u> at 2098.   Further, the Court noted that before his felon in possession offense, Gary "had been convicted of multiple felonies.   Those prior convictions are substantial evidence that [he] knew [he was a] felon" and that he never disputed the fact of his prior convictions. <u>Id.</u> at 2097 – 98.

In re Sampson, 954 F.3d 159 (3d Cir. 2020); United States v. Sanabria-Robreno, 819 F. App'x 80 (3d Cir. 2020), cert. denied, 141 S. Ct. 2817 (2021); United States v. Shaner, 852 F. App'x 701, 703 (3d Cir. 2021). Accordingly, even if this Court were to consider the merits of Petitioner's challenge to his conviction, his claim fails.

### B.    Petitioner's Challenge to his Sentence

Petitioner's request for relief as to his sentence under § 2241 is unavailable.  Even if Petitioner meets the other prongs of Wheeler, Petitioner cannot meet the second prong, which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review.  Being a prohibited person in possession of a firearm remains a federal criminal offense under 18 U.S.C. § 922(g). [11]  Accordingly, Petitioner cannot meet the second prong of the Wheeler test.  However, a Petitioner who challenges his sentence in a § 2241, must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear any challenge on the merits.  Because Petitioner cannot meet the second prong of the Wheeler test, Petitioner fails to satisfy the § 2255(e) savings clause and this Court need not consider whether he meets the other prongs of Wheeler. Further, the Court notes that Petitioner has already sought and been denied relief under § 2255, in the Eastern District of Pennsylvania, 2:06CR338.[12]

---

[11]  The Court further notes that Petitioner cannot satisfy the second Wheeler prong because the case he relies on, Rehaif, has not been ruled to apply retroactively to cases on collateral review.  Since the Supreme Court's decision in Rehaif, several courts within the Fourth Circuit have held that Rehaif did not change substantive law because the conduct for which the petitioner was convicted is still illegal.  See Hill v. Warden, FCI McDowell, 2021 WL 4443068 (S.D.W.Va. Sept. 28, 2021); Davis v. Streeval, 2021 WL 4432514 (W.D.Va. Sept. 27, 2021); Seller v. Dobbs, 2021 WL 4059733 (D.S.C. Sept. 7, 2021); Goldwire v. Warden, 2021 WL 4026072 (D.S.C. Sept. 3, 2021); Albritton v. Warden, 2021 WL 3432845 (E.D. VA. August 4, 2021); see also Williams v. United States, 2019 WL 6499577 (W.D.N.C. December 3, 2019) (holding that Rehaif "did not announce a new rule of Constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g).").

[12]  The Court again notes that in his § 2255 case Petitioner previously raised  both grounds one and three

Because Petitioner cannot satisfy the savings clause of § 2255(e) under <u>Wheeler</u>, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition as to his challenge to his sentence.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 93–103 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.      RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the amended petition **[ECF No. 14]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States</u>

---

and was denied relief on those grounds.

v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the pro se Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  November 22, 2021

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE